**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRIT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **BERTRAND PLUVIOSE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.: _____** |
| **vs.** | ) | |
| | ) | *Jury Trial Demanded* |
| **NUTRIBULLET, LLC;** | ) | |
| **HOMELAND HOUSEWARES** | ) | |
| **LLC; CAPITAL BRANDS, LLC;** | ) | |
| **CAPITAL BRANDS** | ) | |
| **DISTRIBUTION, LLC; and** | ) | |
| **NUTRILIVING LLC;** | ) | |
| | ) | |
| **Defendants.** | | |

## <u>COMPLAINT</u>

COMES NOW the Plaintiff, Bertrand Pluviose, by and through his undersigned counsel of record, and hereby files this personal injury, product liability action against Defendants NutriBullet, LLC; Homeland Housewares LLC; Capital Brands, LLC; Capital Brands Distribution, LLC; and NUTRILIVING, LLC; (hereinafter collectively referred to as "NutriBullet Defendants"), and alleges and states as follows:

## **PARTIES**

1.     The Plaintiff, Bertrand Pluviose, is an individual over the age of eighteen (18) and is a citizen of the State of Florida. At the time of the incident giving rise to this action, he was a citizen of the State of Georgia, Cobb County.

2.     Defendant NutriBullet, LLC is a California limited liability company, with its principal place of business in Los Angeles, California, and does business throughout the United States, including the State of Georgia, for profit. The members of NutriBullet, LLC are citizens of states other than the State of Georgia. Defendant NutriBullet, LLC is in the business of designing, developing, testing, manufacturing, distributing, marketing, labeling, warning, instructing, and selling compact design countertop electric blenders, including those under the NutriBullet and/or Magic Bullet brand names. At the time of the occurrence made the basis of this action, and for some time prior thereto, Defendant NutriBullet, LLC was qualified to do business and solicited for sale and sold its products, including the NutriBullet Magic Bullet Model: NB-101S blender (hereinafter referred to as the subject "NutriBullet Blender") involved in the incident made the basis of this Complaint, in this state and judicial district. Defendant NutriBullet, LLC operates, conducts, engages in, or carries on a business or business venture in the State of Georgia; has an office or agency in the State of Georgia; caused injury to persons or property within the State

of Georgia arising out of an act or omission it committed outside the state; manufactures, processes, or services products or materials that are used in the State of Georgia in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within the State of Georgia. Defendant NutriBullet, LLC is a wholly-owned subsidiary of Capital Brands, LLC. Defendant NutriBullet, LLC can be served with process to wit: CT Corporation System, 330 N. Brand Blvd., Suite 700, Glendale, CA 91203.

3.       Defendant Homeland Housewares LLC is a California limited liability company, with its principal place of business in Los Angeles, California, and does business throughout the United States, including the State of Georgia, for profit. The members of Homeland Housewares LLC are citizens of states other than the State of Georgia. Defendant Homeland Housewares LLC is in the business of designing, developing, testing, manufacturing, distributing, marketing, labeling, warning, instructing, and selling compact design countertop electric blenders, including those under the NutriBullet and/or Magic Bullet brand names. At the time of the occurrence made the basis of this action, and for some time prior thereto, Defendant Homeland Housewares, LLC was qualified to do business and solicited for sale and sold its products, including the NutriBullet Magic Bullet Model: NB-101S blender (hereinafter referred to as the subject "NutriBullet Blender") involved in the incident

made the basis of this Complaint, in this state and judicial district. Defendant Homeland Housewares LLC operates, conducts, engages in, or carries on a business or business venture in the State of Georgia; has an office or agency in the State of Georgia; caused injury to persons or property within the State of Georgia arising out of an act or omission it committed outside the state; manufactures, processes, or services products or materials that are used in the State of Georgia in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within the State of Georgia. Defendant Homeland Housewares LLC can be served with process to wit: Mark Suzumoto, 11601 Wilshire Blvd., 23rd Floor, Los Angeles, CA 90025.

4.      Defendant Capital Brands, LLC is a California limited liability company, with its principal place of business in Los Angeles, California, and does business throughout the United States, including the State of Georgia, for profit. The members of Capital Brands, LLC are citizens of states other than the State of Georgia. Defendant Capital Brands, LLC is in the business of designing, developing, testing, manufacturing, distributing, marketing, labeling, warning, instructing, and selling compact design countertop electric blenders, including those under the NutriBullet and/or Magic Bullet brand names. At the time of the occurrence made the basis of this action, and for some time prior thereto, Defendant Capital Brands,

LLC was qualified to do business and solicited for sale and sold its products, including the NutriBullet Magic Bullet Model: NB-101S blender (hereinafter referred to as the subject "NutriBullet Blender") involved in the incident made the basis of this Complaint, in this state and judicial district. Defendant Capital Brands, LLC operates, conducts, engages in, or carries on a business or business venture in the State of Georgia; has an office or agency in the State of Georgia; caused injury to persons or property within the State of Georgia arising out of an act or omission it committed outside the state; manufactures, processes, or services products or materials that are used in the State of Georgia in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within the State of Georgia. Defendant Capital Brands, LLC can be served with process to wit: CT Corporation System, 330 N. Brand Blvd., Suite 700, Glendale, CA 91203.

5.     Defendant Capital Brands Distribution, LLC is a California limited liability company, with its principal place of business in Los Angeles, California, and does business throughout the United States, including the State of Georgia, for profit. The members of Capital Brands Distribution, LLC are citizens of states other than the State of Georgia. Defendant Capital Brands Distribution, LLC is in the business of designing, developing, testing, manufacturing, distributing, marketing, labeling, warning, instructing, and selling compact design countertop electric

blenders, including those under the NutriBullet and/or Magic Bullet brand names. At the time of the occurrence made the basis of this action, and for some time prior thereto, Defendant Capital Brands Distribution, LLC was qualified to do business and solicited for sale and sold its products, including the NutriBullet Magic Bullet Model: NB-101S blender (hereinafter referred to as the subject "NutriBullet Blender") involved in the incident made the basis of this Complaint, in this state and judicial district. Defendant Capital Brands Distribution, LLC operates, conducts, engages in, or carries on a business or business venture in the State of Georgia; has an office or agency in the State of Georgia; caused injury to persons or property within the State of Georgia arising out of an act or omission it committed outside the state; manufactures, processes, or services products or materials that are used in the State of Georgia in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within the State of Georgia. Defendant Capital Brands Distribution, LLC can be served with process to wit: CT Corporation System, 330 N. Brand Blvd., Suite 700, Glendale, CA 91203.

6.     Defendant NUTRILIVING, LLC is a California limited liability company, with its principal place of business in Los Angeles, California, and does business throughout the United States, including the State of Georgia, for profit. The members of NUTRILIVING, LLC are citizens of states other than the State of

Georgia. Defendant NUTRILIVING, LLC is in the business of designing, developing, testing, manufacturing, distributing, marketing, labeling, warning, instructing, and selling compact design countertop electric blenders, including those under the NutriBullet and/or Magic Bullet brand names. At the time of the occurrence made the basis of this action, and for some time prior thereto, Defendant NUTRILIVING, LLC was qualified to do business and solicited for sale and sold its products, including the NutriBullet Magic Bullet Model: NB-101S blender (hereinafter referred to as the subject "NutriBullet Blender") involved in the incident made the basis of this Complaint, in this state and judicial district. Defendant NUTRILIVING, LLC operates, conducts, engages in, or carries on a business or business venture in the State of Georgia; has an office or agency in the State of Georgia; caused injury to persons or property within the State of Georgia arising out of an act or omission it committed outside the state; manufactures, processes, or services products or materials that are used in the State of Georgia in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within the State of Georgia. Defendant NUTRILIVING, LLC can be served with process to wit: CT Corporation System, 330 N. Brand Blvd., Suite 700, Glendale, CA 91203.

## JURISDICTION AND VENUE

7.    This Court has diversity jurisdiction over the claims in this complaint because the amount in controversy exceeds the sum of $75,000.00 and is between citizens of different states.  28 U.S.C. §1332(a)(1).

8.    Venue is proper in this Court pursuant to LR 3.1, N.D. Ga. and 28 U.S.C. §1391, as the injuries sustained by the Plaintiff occurred in Cobb County, Georgia and were committed within the Northern District of Georgia, Atlanta Division.

## STATEMENT OF THE FACTS

9.    All NutriBullet Blenders, including the one used by Plaintiff, essentially has three components: a powered base unit which contains a high speed motor, a plastic bullet shaped container and a plastic lid mounted with metal blades which screws into the cup and is energized by the base.

10.    The NutriBullet is the successor to the original Magic Bullet upside-down counter-top blender and nutrient extractor.

11.    On or about April 23, 2020, at his residence in Smyrna, Georgia, the Plaintiff placed room temperature black beans into the subject NutriBullet Blender Model: NB-101S and further identifying numbering "02F506251808884" and, after less than one minute of blending, properly removed the cup from the motor base and attempted to open when it suddenly and without warning violently and unexpectedly

exploded, expelling scalding hot beans onto Plaintiff's body causing second degree burns to his face, neck, right hand, and other areas. At the time of the incident, Plaintiff was domiciled and a citizen of the State of Georgia, Cobb County

12.    As a direct and proximate result of the defective condition of the subject NutriBullet Blender, the Plaintiff suffered severe, painful, permanent, and disfiguring burns to his face, neck and right hand.

13.    At all material times hereto, the subject NutriBullet Blender was designed, developed, manufactured, tested, marketed, distributed, and sold by the NutriBullet Defendants.  At the time of the occurrence made the basis of this lawsuit, the subject NutriBullet Blender was in substantially the same condition as it was when it was manufactured and sold by the NutriBullet Defendants.

14.    The NutriBullet Defendants aggressively marketed all models the NutriBullet Blender, including the subject NutriBullte Blender, stating that it is the world's first Nutrition Extractor.  The NutriBullet Blender chops, mixes, blends, whips, and grinds.  "Easy to Use: Just load your ingredients into the cup, twist on the blade, line up the tabs, and place on the power base." The NutriBullet Defendants tout and market that its NutriBullet Blenders, including the subject blender, are safe and that there is no risk if the NutriBullet Blender is used as directed. This statement

is misleading the customer into believing the NutriBullet Blender is safe for its normal and intended use.

15.    Despite NutriBullet Defendants claims of "safety" it designed, manufactured, marketed, distributed and sold, both directly and through third-party retailers, a product that suffers from defects which cause significant bodily harm and injury to its consumers.

16.    NutriBullet Blenders, including the subject blender, are defectively designed and manufactured with extremely fast moving blades which heat up the contents of the sealed bullet shaped canister, which can and does unexpectedly explode when being used in its normal and intended manner by consumers. Consumers use the NutriBullet Blender without the knowledge of the inherent risks. In a matter of seconds, the fast spinning blades can heat up its contents, such that if the NutriBullet Blender explodes, the user is at risk of severe burns and injuries requiring medical attention, much like the Plaintiff.

17.    At all material times hereto, the subject NutriBullet Blender was being used and operated for the purpose and in the manner for which it was designed and sold.  The said NutriBullet Blender was not reasonably safe when being so used in a foreseeable manner but, to the contrary, was defective when being so used. The Defendants knew, or in the exercise of reasonable care should have known, that said

NutriBullet Blender was dangerous to the human body when being so used in a foreseeable manner. Furthermore, the risks inherent in the subject NutriBullet Blender's design outweigh its utility, particularly given the availability of feasible, safer alternative designs that would not impair the NutriBullet Blender's functionality.

18.    As a direct and proximate result of the wrongful conduct of the NutriBullet Defendants, Plaintiff suffered severe and permanent injuries, including burn injuries to his face, neck and right hand. Plaintiff seeks all special damages, economic losses, medical expenses, necessary expenses, pain and suffering, and all compensatory, special, actual, punitive, and all other damages permissible under Georgia law as a result of his injuries, all of which were proximately caused by the acts and omissions of the NutriBullet Defendants as herein described.

19.    The NutriBullet Defendants have known of this defect for years and failed to warn its consumers that the product may explode a serious safety risk to users.  The NutriBullet Defendants have and continue to conceal and fail to disclose the defective nature of the NutriBullet Blender.

## COUNT ONE
## STRICT LIABILITY

20.    Plaintiff adopts and realleges paragraphs 1- 19 as previously set forth in this Complaint as if fully set out herein.

11

21.    The NutriBullet Defendants designed, researched, developed, manufactured, tested, advertised, promoted, marketed, sold, and/or distributed the subject NutriBullet Blender. The NutriBullet Blender as designed, researched, developed, manufactured, tested, advertised, promoted, marketed, sold, and/or distributed by the NutriBullet Defendants was in an unsafe and defective condition which was hazardous to its users. The subject NutriBullet Blender was in this unsafe condition at the time it left the NutriBullet Defendants' possession.

22.    The subject NutriBullet Blender was expected to, and did, reach the usual consumers, including the Plaintiff, and persons coming into contact with the NutriBullet Blender without substantial change in the condition in which it was designed, produced, manufactured, sold, distributed, and marketed by the NutriBullet Defendants.

23.    The Plaintiff was injured while using the subject NutriBullet Blender for its intended purpose, in accordance with the instructions that accompanied the product, and in a manner foreseeable to the NutriBullet Defendants.

24.    However, the subject NutriBullet Blender failed to perform as safely as an ordinary consumer would reasonably expect. At all times relevant hereto, the subject NutriBullet Blender was defective and not fit for its intended purpose by design and/or manufacture because:

(a) The NutriBullet Blender failed to provide adequate and reasonable protection to consumers during foreseeable use as it was designed in such a way that allowed the scalding contents of the NutriBullet Blender to be expelled during normal operation.

(b) The "User Guide" of the NutriBullet Blender failed to warn that the fast moving blades could heat up the contents in the Magic Bullet in a matter of seconds and explode causing injury to consumers, including the Plaintiff during normal operation.

(c) The "User Guide" of the NutriBullet Blender alleges the Magic Bullet was safe when being used in a foreseeable manner but failed to advise the consumer of the potential for harm during normal operation.

(d) The NutriBullet Blender was defective due to the NutriBullet Defendants' failure to test or adequately test the NutriBullet Blender and its parts to ensure they were reasonably safe and suitable for their intended purpose.

(e) The NutriBullet Blender was defective due to inadequate or absent warnings and/or proper notice to alert users regarding the hazardous conditions as described herein, involving its use and operation.

(f) At the time the NutriBullet Blender left the control of the NutriBullet Defendants, it could have adopted safer, practical, feasible and otherwise reasonable alternative designs that would have eliminated or minimized the defects without compromising the NutriBullet Blender's usefulness, practicality and desirability.

(g) The NutriBullet Blender was designed, manufactured, sourced, imported, distributed and/or sold in an unsafe and dangerous condition such that it had a propensity to cause its contents to be forcibly and unexpectedly expelled during normal and foreseeable conditions.

(h) The NutriBullet Blender was designed, manufactured, sourced, imported, distributed and/or sold in such a condition that it had a propensity to cause its contents overheat during the blending process, resulting in excess

pressure under normal use and causing an explosion and injuries to consumers.

(i) The NutriBullet Blender lacked warnings to alert users of its dangers, including, but not limited to the danger of expulsion of contents.

(j) The NutriBullet Blender was designed and manufactured in such a way that it had a propensity to explode and burst under normal use.

(k) The NutriBullet Blender was generally defective in its design, manufacture, testing, assembly and warnings.

25.    The dangerous nature of the defects herein described created a high probability that the subject NutriBullet Blender when put to its normal, intended and foreseeable use would cause or allow the hot contents of the unit to be expelled, resulting in severe and permanent person injuries to users of the subject NutriBullet Blender. The NutriBullet Defendants knew of this risk prior to production and marketing of the subject NutriBullet Blender and designed, manufactured, marketed and sold the subject NutriBullet Blender which caused the injuries complained of herein.

26.    The aforesaid defects were not known to the Plaintiff and were not discoverable through reasonable inspection.

27.    The NutriBullet Defendants were in a position superior to that of the Plaintiff to know and discover the aforementioned defects. The NutriBullet

Defendants had actual or constructive knowledge of said defects, yet failed recall the subject NutriBullet Blender.

28.     The risks inherent in the design of the subject NutriBullet Blender outweigh its utility.

29.     At the time and place of the occurrence made the basis of this lawsuit, the subject NutriBullet Blender was being used for its ordinary and intended and foreseeable purpose and in an ordinary intended and foreseeable manner, the Plaintiff was a foreseeable user of the subject NutriBullet Blender.

30.     The above-described defects in the subject NutriBullet Blender were the proximate cause of the severe burn injuries and damages suffered by the Plaintiff.

## COUNT TWO
## NEGLIGENCE

31.     Plaintiff adopts and realleges paragraphs 1-30 as previously set forth in this Complaint as if fully set out herein.

32.     The NutriBullet Defendants were negligent in designing, manufacturing, assembling, testing, inspecting, labeling, distributing, marketing, and/or selling the subject NutriBullet Blender.

33.     The NutriBullet Defendants owed a duty to design, manufacture, assemble, test, inspect, label, distribute, market, and sell a product free from defects in material and workmanship that is safe and functional for consumer use.

15

34.    At all times relevant hereto, the NutriBullet Defendants were negligent in at least the following respects in the design, manufacture, assembling, testing, inspecting, labelling, distributing, marketing, advertising, warning, and selling regarding the subject NutriBullet Blender:

(a) Improper design and/or manufacture the NutriBullet Blender by failing to provide adequate and reasonable protection to consumers during foreseeable use as the unit was designed in such a way that allowed the scalding contents of the subject NutriBullet Blender to be expelled during normal operation.

(b) Improper design and/or manufacture of the NutriBullet Blender which caused or allowed the contents to overheat during blending, causing pressure which resulted in the propensity for it to explode under normal use and spewing contents of the blender.

(c) Improper design and/or manufacture of the component parts resulting in the NutriBullet Blender failing to function properly resulting in hot contents being released during normal operation.

(d) Failure to test or adequately test the subject NutriBullet Blender and its parts to ensure they were reasonably safe and suitable for their intended purpose.

(e) Failure to provide reasonable and adequate warnings and/or proper notice to alert users regarding the hazardous conditions as described herein, involving its use and operation.

(f) Advertising and marketing claiming the NutriBullet Blender to be a reasonably safe leading consumers, including the Plaintiff, to believe that it was reasonably safe for its intended purpose when it was not.

(g) Failure to adopt safer, practical, feasible and otherwise reasonable alternative designs that would have eliminated or minimized the defects

16

without compromising the NutriBullet Blender usefulness, practicality and desirability.

(h) Improper design, manufacture, testing, assembly and warnings regarding the NutriBullet Blender.

(i) Failure to recall the NutriBullet Blender despite having actual or constructive knowledge of the dangers and hazards posed by it.

35.    The NutriBullet Defendants breached their duties, and their negligent conduct was the proximate cause of the severe and permanent burn injuries suffered by the Plaintiff.

36.    As a direct and proximate result of NutriBullet Defendants' negligence, the Plaintiff was caused to suffer severe burn injuries and damages.

## COUNT THREE
## BREACH OF WARRANTY

37.    Plaintiff adopts and realleges paragraphs 1-36 as previously set forth in this Complaint as if fully set out herein.

38.    The NutriBullet Defendants impliedly warranted that the subject NutriBullet Blender was reasonably fit and suitable for the purpose for which it was intended to be used. Plaintiff avers that the NutriBullet Defendants breached said implied warranties in that the subject NutriBullet Blender was not reasonably fit and suitable for the purposes for which it was intended to be used but, to the contrary,

17

the subject NutriBullet Blender was defective and in an unsafe condition, as described herein. The Plaintiff further avers that as a proximate result of the aforesaid breach of warranties by the NutriBullet Defendants, he suffered severe and traumatic burn injuries.

39.    The aforesaid wrongful conduct of the NutriBullet Defendants proximately caused Plaintiff's severe and permanent injuries.

## COUNT FOUR
## PUNITIVE DAMAGES

40.    Plaintiff adopts and realleges paragraphs 1-39 as previously set forth in this Complaint as if fully set out herein.

41.    The NutriBullet Defendants designed, developed, manufactured, marketed, assembled, tested, distributed, sold, and placed the subject NutriBullet Blender into the stream of commerce.

42.    Before the incident made the basis of this Complaint, the NutriBullet Defendants were of the defects and dangerous conditions that existed with the Magic Bullet, as the Plaintiff is not the first person to be horrifically injured by an exploding NutriBullet Blender and/or Magic Bullet.

43.    In fact, the NutriBullet Defendants are aware of multiple other incidents throughout the country similar to the foregoing matter, resulting in severe,

permanent, disabling and disfiguring injuries to consumers, which it knew about before the subject incident took place.

44.     Despite being on notice of other incidents substantially similar to the foregoing matter, involving the same or similar products and the same or similar harm to consumers, the NutriBullet Defendants consciously and intentionally failed to take any proper action to warn, recall, remedy, or otherwise mitigate the risk of harm to the public generally, or Plaintiff in particular from the use of its product.

45.     The NutriBullet Defendants had actual knowledge that the subject NutriBullet Blender posed severe danger and threat of serious injury to consumers, but did not warn or adequately inform or educate retailers, wholesalers or the public of said dangers, but instead, continued to sell the products for profit and allowed injuries to persist.

46.     The NutriBullet Defendants engaged in intentional misconduct when they put an unsafe product on the market without adequate testing; without a failure mode effect analysis for the production and design of the subject NutriBullet Blender; without quality controls in place for evaluating and testing the temperature of contents; or without testing being conducted to verify performance.

47.     The NutriBullet Defendants withheld information about their fraudulent conduct as NutriBullet Blenders began to fail, causing injury and death to consumers.

48.     The NutriBullet Defendants knew that their concealment and misrepresentations of said hazardous conditions and defects had a high probability of causing injury or damage because the defective NutriBullet Blenders remain in the stream of commerce and continue to be used by consumers who believed the product to be safe.

49.     The NutriBullet Defendants intentionally withheld information about the NutriBullet Blender defect from its customers to protect its profits.

50.     These acts and omissions of the NutriBullet Defendants show willful misconduct, malice, wantonness, oppression or that entire want of care which raise the presumption of conscious indifference to consequences.

51.     Plaintiff, therefore, pursuant to O.C.G.A. § 51-12-5.1(b), is entitled to recover punitive damages without limitation or cap against the NutriBullet Defendants in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays and respectfully demands the following:

(a) That summons and service be perfected upon the Defendants requiring the Defendants to be and appear in this Court within the time required by law and to answer this Complaint;

(b) That Plaintiff be awarded compensatory damages against the Defendants for his physical and emotional pain and suffering, disfigurement, and loss of enjoyment of life in such amounts as may be shown by the evidence and determined by the jury in their enlightened conscience;

(c) That Plaintiff be awarded special damages against the Defendants for his past, present, and future medical expenses; and past, present and future loss of income and earnings in such an amount as may be shown by the evidence and proven at trial;

(d) That Plaintiff be awarded punitive damages without limitation or cap against the Defendants in such an amount as may be shown by the evidence and determined by the jury in their enlightened conscience;

(e) That Defendants be charged with all Court costs attributable to this action including attorney's fees and such other costs reasonably incurred in the prosecution and trial of this case; and

(f)     That Plaintiff be granted such other and further relief as this

Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Dated: April 8, 2022.


Respectfully submitted,

/s/ Thomas P. Willingham
**Thomas P. Willingham**
Georgia Bar No. 235049
**Mary Leah Miller**
Georgia Bar No. 933581
**BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.**
Overlook II
2839 Paces Ferry Road SE, Suite 400
Atlanta, GA  30339
Phone: (404) 751-1162
Facsimile: (855) 674-1818
E-mail: tom.willingham@beasleyallen.com
           maryleah.miller@beasleyallen.com